IN THE UNITED STATES BANKRUPTCY COURT FOR MARYLAND
SOUTHERN DISTRICT

| | | |
|---|---|---|
| *In re* | * | Chapter 13 |
| ANTHONY HARRIS | * | Case No. 17-10671 |
| Debtor, | * | |

---

**CREDITOR CASSANDRA BOSTON'S OBJECTIONS
TO CONFIRMATION OF DEBTOR'S PROPOSED PLAN**

Creditor Cassandra Boston, through her attorney, Kerry J. Davidson, Esq., who holds a judgment of $144,881.40 ("Divorce Judgment") against the Debtor, Anthony Harris, pursuant to a divorce proceeding against him, hereby objects to the Debtor's proposed confirmation plan, as it fails to recognize that Ms. Boston's claim is a domestic support obligation ("DSO") as defined by 11 U.S.C. § 101(14A) and 11 USC § 523(a)(5).  *Attachments 1-2.*

In addition, Ms. Boston also objects because the Debtor continues to substantially underreport and misrepresent his assets and income.

1.  Under direction from this Court, and pursuant to its Order in Debtor's previous Chapter 7 filing, the Circuit Court of Prince George's County ruled the entire Divorce Judgment to be a non-dischargeable DSO, including the attorneys' fee portion of the judgment. *Attachments 3-5.*

2.  As a non-dischargeable DSO, the Divorce Judgment must be fully paid within the term of any Chapter 13 Bankruptcy Plan to be confirmed by this Court.  Therefore, any proposed plan that fails to meet this criterion must be summarily dismissed.

3.  The Debtor in this case has an extended, proven history of misrepresenting his income and expenses and assets:  1) by asserting impoverishment at his initial divorce trial in

2012 while shielding over $500,000.00 in revenue by his wholly owned company, American Capital Contractors, resulting in a court determination that he "significantly misrepresented" his income and assets resulting in the imposition of a $15,000.00 attorneys' fee;  2) by having concealed unlimited access to a bank account receiving over $600,000.00 in deposits from the divorce Court during an eighteen-month period in 2012-2014, while arguing poverty.  This second concealment led to the imposition of a $95,000.00 attorneys' fee sanction against the Debtor.  *Attachments 1-2.*

4. The Debtor in this case has an extended, proven history of filing bad faith litigation, and/or litigation without substantial justification, which are the criteria for an attorneys' fee award in Maryland.  *Attachments 1-2.*

6. Within sixty days of filing the instant Petition, Defendant conducted a lavish wedding at his home that included a cigar bar, live band, and a double wedding reception both at his large home and at Martin's Crosswinds, a popular ballroom, while he continues to maintain a home is on a plot of land approximately the size of a football field (roughly 27,000 square feet). *Attachments 6-10 (Photo Attachments).*  The amount spent on this wedding, including jewelry, exceeded $25,000.00, and would not be practical unless the Schedules that Debtor concealed significant amounts of income, assets, or both.

7. The instant bankruptcy filing is simply a continuation of Debtor's last-ditch, bad-faith efforts to prevent paying a debt that he has is within his financial capacity, but runs counter to his emotional desires.  These efforts include a previous Chapter 7 bankruptcy in 2015 in this Court (Case 15-21296), the previous two alimony trials (2012, 2014) which Debtor litigated in bad faith while concealing assets, concealing income, and pleading impoverishment, a seven-count failed appeal of the first trial during 2013, and a recent bar complaint against Creditor's

attorney.  This adversary proceeding will be the third trial required to demonstrate Debtor's concealment of income and assets to a court.

8. The instant proceeding, like the previous proceedings, is being conducted in bad faith, and under concealment of substantial income and assets that will be revealed in discovery, as Debtor's disposable income is much higher than that calculated in the bankruptcy schedules, and must be properly allocated in any proposed confirmation plan.  See *11 U.S.C. § 1325*.

/s/Kerry J. Davidson

_____

Kerry J. Davidson, Esq.
1738 Elton Road, Suite 113
Silver Spring, MD  20903
Email  kerry@kjdavidsonlaw.com
Tel: (240) 394-6330
Fax: (866) 920-1535
May 10, 2017

CERTIFICATE OF SERVICE

    This document was served on all parties of electronic record, on May 15, 2017, via ECF filing with the Court.

/s/Kerry J. Davidson

_____
Kerry J. Davidson, Esq.