UNITED STATES BANKRUPTCY COURT
IN THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| IN RE: | * |
| ANTHONY R. HARRIS | *   Case No.: 17-10671 |
| Debtor | * |
| | *   Chapter 13 |

### DEBTOR'S OBJECTION TO CASSANDRA BOSTON'S PROOF OF CLAIM AND MOTION FOR RECONSIDERATION

COMES NOW Anthony Harris, Debtor, and objects to Creditor Cassandra Boston's Proof of Claim and Motion for Reconsideration and for reasons in support thereof states as follows:

1. Debtor filed for relief under Chapter 13 of the United States Bankruptcy Code on January 18, 2017.

2. The last date for the filing of a Proof of Claim was May 24, 2017 ("Bar Date").

3. The §341 hearing was held on February 23, 2017. Mr. Davidson, counsel for Creditor Cassandra Boston, attended said hearing. The Trustee asked if Mr. Davidson was going to file a Proof of Claim and he responded in the affirmative.

4. Mr. Davidson represented Creditor Boston in the parties' underlying divorce case in Prince George's County since 2012, and therefore was uniquely aware of the Judgment and Court Orders obtained by Creditor Boston. He was also aware of all payments and credits as to the Judgment since most payments were directed to his escrow account.

5. On May 15, 2017 Creditor Boston filed an Objection to the Confirmation of Debtor's Proposed Plan. Mr. Davidson, on behalf of Creditor Boston, never specifically stated the amount due on the earlier Judgment of $144,881.50. The Objection was set for hearing on June 6, 2017 at the time of the scheduled confirmation hearing on the Plan.

6. On May 24, 2017, Mr. Davidson filed a "Motion for Extension of Time to File Proof of Claim" and specifically requested an additional twelve (12) days, until June 5, 2017, to file the Claim. Consequently, the Proof of Claim would have been filed one (1) day before the Confirmation Hearing previously set for June 6, 2017. The timing of the request for a 12-day extension would further demonstrate Mr. Davidson was aware of the June 6, 2017 confirmation hearing and was not merely a coincidence in selecting the date for the extension.

7. The Court never ruled on Creditor Boston's Motion to Extend Time to File Proof of Claim until June 13, 2017 when the Court granted Creditor Cassandra Boston's Motion for Extension of Time to File Proof of Claim. Arguably, the Extension granted by the Court extended the filing date to June 5, 2017. This Order was later vacated by the Court on June 15, 2017.

8. Nevertheless, Creditor Boston did not file a Proof of Claim by June 5, 2017 but filed a "objection" and a "defective" Proof of Claim No. 7 on <u>June 7, 2017.</u>

9. The Confirmation Hearing and Creditor Boston's Objection came before the Honorable Lori Simpson on June 6, 2017. Neither Creditor Boston nor her counsel Mr. Davidson appeared. Judge Simpson confirmed the Plan and overruled Creditor Boston's Objection.

10. The failure of Creditor Boston and Mr. Davidson to appear in Court on June 6, 2017 was not a total surprise as neither had appeared in the Prince George's County Divorce Case #CAD11-19194 on April 28, 2017 to pursue Creditor Boston's Petition to Hold Debtor (Harris) in Contempt for failing to pay an unspecified amount of alimony and attorney's fees allegedly still outstanding. The Petition requested Debtor's incarceration but was dismissed by the Court after waiting two (2) hours for counsel and Creditor to appear.

11. Neither counsel nor Creditor Boston offered any explanation for failure to appear and never filed for reconsideration.

12. After the confirmation hearing on June 6, 2017, and after Creditor Boston's Objection had been overruled by Judge Simpson, Mr. Davidson filed the above-referenced defective Proof of Claim, at 0:18 A.M. on June 7, 2017.

13. One (1) day later, on June 8, 2017, Creditor Boston, by and through her attorney, Kerry Davidson, filed a "Motion for Reconsideration of Order Confirming Chapter 13 Plan of Anthony Harris". As a basis for said Motion, Mr. Davidson stated he "did not receive notice of the hearing by email, and is investigating whether there was mailed notice that was somehow overlooked. Mr. Davidson has not disclosed the results of his "investigation".

14. The Proof of Claim filed by Mr. Davidson on June 7, 2017 does not comport with the requirements of Bankruptcy Rule 3001(c) as the Court Order and several documents filed as attachments do not reflect the total payments Mr. Davidson received in his escrow account. Proof of receipts by Mr. Davidson requires him to file copies of his escrow accounts reflecting all receipts of payments.

15. On June 15, 2017 the Court set Creditor's Motion for Reconsideration for hearing on July 18, 2017 at 2:00 P.M.

16. Pursuant to Local Bankruptcy Rule 9013-2, Debtor relies solely upon the present Objection and no additional memorandum of fact or law will be filed.

WHEREFORE, Debtor, Anthony Harris, respectfully request that this Court:

    A.    Deny Creditor Boston's Motion to Reconsider;

B. Deny Creditor Boston's Objection to Confirmation;

C. Grant Debtor's Objection to Creditor Boston's Proof of Claim;

D. For such other and further relief as deemed appropriate by this Court.

 Respectfully submitted,

_____
RICHARD M. McGILL, ESQUIRE
McGill & Woolery
5303 West Court Drive
P.O. Box 358
Upper Marlboro, MD 20773
(301) 627-5222
*Attorney for Debtor*